PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANGIE VASSEL, ) | |
| ) | CASE NO. 1:13CV01493 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION &** |
| Defendant. ) | **ORDER** [Resolving ECF No. 1] |

Magistrate Judge Nancy A. Vecchiarelli issued a report pursuant to 28 U.S.C. § 636 recommending that the decision of Defendant Commissioner of Social Security be affirmed. ECF No. 24. Plaintiff Angie Vassel, proceeding *pro se*, timely filed an objection. ECF No. 26. Defendant filed a response. ECF No. 27. For the reasons provided below, the Court overrules the objection and adopts the report of the magistrate judge.

**I. Factual & Procedural Background**

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income. The applications were denied. Plaintiff requested a hearing before an administrative law judge ("ALJ"). After a hearing during which both Plaintiff and a vocational expert testified, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council declined to review the ALJ's decision, rendering that decision the final decision of Defendant with respect to Plaintiff's case. *See* ECF No. 14 at 5-27.

(1:13CV01493)

Subsequently, Plaintiff filed a complaint in this Court challenging Defendant's final decision. ECF No. 1. The matter was referred to Magistrate Judge Vecchiarelli to prepare a report and recommendation in accordance with 28 U.S.C. § 636. Both parties submitted merits briefs. ECF Nos. 21, 22, 23. Plaintiff asserted one assignment of error: the ALJ did not properly consider the opinions of her orthopedist, Dr. William Petersilge. ECF No. 21; *see* ECF No. 14 at 344. On April 11, 2014, the magistrate judge issued a report recommending that Defendant's decision be affirmed. ECF No. 24. The magistrate judge reasoned that (1) the ALJ properly determined that Dr. Petersilge's opinions were not controlling, and (2) the ALJ reasonably concluded that Dr. Petersilge's opinions were inconsistent with other substantial evidence in the record. ECF No. 24 at 14-15. Plaintiff filed an objection, to which Defendant filed a response. ECF Nos. 26, 27. This appeal is ripe for the Court's adjudication.

## II. Legal Standard

### A. Review of Decisions Made By Commissioner of Social Security

When reviewing the Commissioner's conclusions regarding disability benefits, the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir.2009). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to

(1:13CV01493)

support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (*quoting* 42 U.S.C. § 405(g)). Even if substantial evidence supports a claimant's position, the court cannot overturn the decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

### B. Review of the Magistrate Judge's Report and Recommendation

28 U.S.C. § 636 does not require a district court to review a magistrate judge's report to which no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 145, 106 S. Ct. 466, 88 L. Ed. 2d (1986). When written objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C).

### III. Discussion

Plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income, were predicated on her claim of pain and physical limitations in her right hip. ECF No. 14 at 36. Plaintiff, who was born in 1963, underwent a right hip replacement in 1990. ECF No. 14 at 324. Due to mechanical failure of the hip device after years of wear, Plaintiff underwent a procedure to revise her hip device in December, 2010. ECF No. 14 at 341. Plaintiff's employment history includes various jobs as an industrial laborer and several years of work as an injection molding machine tender. ECF No. 14 at 25, 39-46.

(1:13CV01493)

In a March 28, 2011 letter to a supplemental security income case manager, Dr. Petersilge opined that (1) he did not "feel that [it] is reasonable to expect [Plaintiff] to return to an industrial application given her right leg weakness, limp and ongoing pain"; and (2) he did "not think with [Plaintiff's] current skill set that she is able to find employment . . . ." ECF No. 14 at 344.

The ALJ considered Dr. Petersilge's letter and still determined that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ specifically concluded that even though Plaintiff possessed a "severe impairment" in the form of right leg and hip pain, she was not disabled because: (1) the record did not establish that she was subject to an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with certain limitations; (3) Plaintiff was capable of performing past relevant work as an injection molding machine tender; and (4) Plaintiff was capable of performing other jobs existing in significant numbers in the national economy. ECF No. 14 at 20-27; *see generally* 20 C.F.R. § 404.1520.

The magistrate judge determined that the ALJ properly assigned less-than-controlling weight to Dr. Petersilge's opinions because they were not opinions of a medical condition; rather, they were conclusions of a disability that Defendant retains the statutory responsibility to make. ECF No. 24 at 14. Furthermore, the magistrate judge reviewed the record and determined that the ALJ's ruling was supported by substantial evidence.

The evidence included objective medical documentation showing that Plaintiff was able to ambulate, that she only had slightly reduced strength in her lower right extremity, and that tests

4

(1:13CV01493)

revealed nothing of concern. ECF No. 24 at 15. There was also evidence that Plaintiff lived alone in a multi-story house, regularly walked up and down the stairs, and could complete all her household chores without assistance. ECF No. 24 at 15. Furthermore, the ALJ found that Plaintiff's credibility was damaged by her persistent efforts to compel her physicians to find that her symptoms were work-related when they were not (rousing one physician's suspicions that she was "seeking secondary gain"); by her uncooperative nature with her treating and assessing medical providers; and by her refusal to complete her physical therapy regiment. ECF Nos. 24 at 15; 14 at 22-24. In fact, when Plaintiff did attend physical therapy sessions, she would not attempt even the most basic of range of motion exercises and would not permit her physical therapists to touch her, thereby preventing her physical mobility from being properly tested. ECF Nos. 24 at 6; 14 at 23. Finally, the ALJ supported his findings that Plaintiff could perform past relevant work or other jobs existing in significant numbers in the national economy with the testimony provided by the vocational expert at the hearing. ECF No. 14 at 25-27.

Plaintiff raises one objection to the magistrate judge's report: she claims that one of her physicians misinterpreted an x-ray taken of her hip on June 10, 2010. ECF No. 26 at 1. She contends that had the x-ray been properly interpreted, her hip revision procedure would have occurred sooner and she would have never been referred to physical therapy. ECF No. 26 at 1-3. As a consequence, she "would have never been labeled a non-compliant patient." ECF No. 26 at 3.

Plaintiff's objection appears to challenge the portion of the magistrate judge's report discussing evidence of her tarnished credibility. The Court's *de novo* review of this aspect of the report yields no grounds for modifying or rejecting the magistrate judge's recommendation. The

5

(1:13CV01493)

record contains several references to Plaintiff's uncooperative behavior. *See* ECF No. 14 at 341, 353, 354, 374-78. It is of no consequence that her behavior might possibly have been different had she received her revision surgery earlier; the fact remains that she was not compliant with her medical providers. Moreover, Plaintiff underwent physical therapy many months after her December, 2010, revision surgery. According to her physical therapy evaluation, Plaintiff refused to permit her instructors to touch her, would not permit an assessment of her range of motion, refused "gait training," "would not attempt even the most gentle" of exercises, and failed to return to therapy after five sessions. ECF No. 14 at 374-78. Even were her surgery performed earlier, Plaintiff does not explain or provide evidence showing how she could have avoided physical therapy and why her behavior would have been different. The Court overrules the objection.

## IV. Conclusion

Based on the above, the Court overrules Plaintiff's objection and adopts the report and recommendation of the magistrate judge. Defendant's decision is affirmed.

IT IS SO ORDERED.

June 5, 2014             */s/ Benita Y. Pearson*
Date                          Benita Y. Pearson
                               United States District Judge